UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ANGELA NAILS,<br><br>Plaintiff,<br><br>vs.<br><br>SHOP YOUR WAY MASTER CREDIT CARD;<br>CITIBANK N.A. LLC,<br><br>Defendants. | 4:22-CV-04170-RAL<br><br>OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915 SCREENING |

Plaintiff Angela Nails filed a pro se lawsuit alleging breach of contract and violation of the Fair Credit Reporting Act. See Doc. 1. Nails moves for leave to proceed in forma pauperis and has filed a financial affidavit. Doc. 2. She has also filed a motion to change and a motion to correct. Docs. 3, 4. This Court now screens Nails's complaint under 28 U.S.C. § 1915(e)(2).

I. **Motion for Leave to Proceed In Forma Pauperis**

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. Williams v. McKenzie, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983). After review of Nails's financial affidavit, the Court finds that she has insufficient funds to pay the filing fee. Thus, Nails's motion for leave to proceed in forma pauperis, Doc. 2, is granted.

**II.     1915 Screening**

   **A.     Factual Allegations of Nails's Complaint**

Nails claims that she has a credit card with defendants and that they breached the credit card agreement by failing to allow Nails to dispute certain credit card charges. See Doc. 1 at 1-2 Specifically, she claims that a vendor "was to provide a warranty for new parts and labor for auto parts for a 2007 Mercedes GL450." Id. She alleges that the vendor failed to provide this warranty and that defendants "did not continue the dispute of the amount for the parts and labor." Id. Nails states that the parts were "a [new] back door trunk latch" and "a [new] rear third break [sic] light" and that she also had to replace a worn-out battery. Id. She asserts that defendants did not settle her dispute claim and instead closed it without resolving it. Id. at 2. She claims that defendants should have contacted the vendor about the warranty and asked for a charge back. Id.

Nails alleges that she "has a right under the Fair Credit Act laws and under the defendant card agreement to request for an [a]rbitration in writing." Id. She alleges that the unpaid balance on her credit card has not been paid since November 2022. Id. She claims that defendants are reporting the missed payments to credit reporting agencies despite the missed payments being caused by defendants' refusal to "fight for the funds to be charge[d] back[.]" See id. She also claims that she has not received any letter from defendants explaining why they refused her request to arbitrate. Id. Nails asserts that defendants have resolved several other disputes that she has filed and that she has sent three letters to defendants asking for an explanation and requesting arbitration. Id. at 3.

Nails states that she has been harmed by defendants' breach of the credit card agreement. See id. She claims that her credit score has dropped below 760, causing her to be unable to "receive credit for any goods and services with other company's [sic] credit cards, home loans, auto loans

and more." Id. She alleges that the charge in dispute with the vendor is $1,869.00. Id. She claims that defendants' "refusal to follow guidelines of the credit card agreement resolution section of the credit card agreement" has caused her "pain and suffering[.]" Id. at 3-4.

Nails asserts that her breach of contract claim falls under this Court's diversity jurisdiction. See id. at 1. She alleges that she is a resident of Savannah, Georgia, and that defendants are located in Sioux Falls, South Dakota. Id. at 1. She claims that "[t]he Subject Jurisdiction Matter is a Motor Vehicle Auto Accident."[1] Id. She states that "[t]he damage amounted to $800,000.00." Id. Nails brings a claim against defendants for breach of the credit card agreement. See id. at 1-2. She also brings a claim against defendants for violation of the Fair Credit Reporting Act. See id. at 2-4.

B.   **Legal Background**

A court when screening under § 1915 must assume as true all facts well pleaded in the complaint. Estate of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir.

---

[1] In her motion to change and her motion to correct, Nails argues that this characterization of her complaint was incorrect. Docs. 3, 4. She states that the case is "not a part of a Motor Vehicle Accident" and that the case is a credit card dispute. Doc. 4 at 1. Although the classification of the complaint on the civil cover sheet has no impact on the case, Nails's motion to change complaint, Doc. 3, is granted. The Nature of Suit category on the docket sheet will be changed to "190 – Other Contract." Nails's motion to correct, Doc. 4, is denied as moot.

1993) (per curiam) (citation omitted); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam) (citations omitted).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted). If a complaint does not contain these bare essentials, dismissal is appropriate. See Beavers v. Lockhart, 755 F.2d 657, 663-64 (8th Cir. 1985). Twombly requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation omitted); see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing Twombly, 550 U.S. at 553-63)). Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (internal quotation omitted) (quoting Twombly, 550 U.S. at 556).

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. § 1915(a), the court must then determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982); see also Key v. Does, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). The court must dismiss claims if they "(i) [are] frivolous or malicious; (ii) fail[ ] to state a claim on which relief may be granted; or (iii) seek[ ] monetary relief against a defendant who is immune from such

relief." 28 U.S.C. § 1915(e)(2)(B). The Court will now assess Nails's complaint under 28 U.S.C. § 1915.

### C.    Nails's Causes of Action

#### 1.    Fair Credit Reporting Act Claim

Nails alleges that defendants have violated "Fair Credit Act laws" by reporting missed payments to credit reporting agencies. See Doc. 1 at 2. Construing her complaint liberally, Nails brings a claim against defendants for furnishing false credit information to credit reporting agencies in violation of the Fair Credit Reporting Act (FCRA). See id. The FCRA allows a consumer a private right of action against a furnisher of credit information if that furnisher willfully or negligently fails to comply with FCRA standards. 15 U.S.C. §§ 1681n-1681o. 15 U.S.C. § 1681s-2(a)-(b) establishes the standards applicable to furnishers of credit information. 15 U.S.C. § 1681s-2(c) limits enforcement of § 1681s-2(a) to federal and state agencies and restricts claims by a consumer against a furnisher of credit information to those brought under § 1681s-2(b), which sets out the duties of furnishers of information upon notice of a dispute. See Hyde v. Franklin Am. Mortg. Co., 453 F. Supp. 3d 1293, 1300 (D.S.D. 2020). Section 1681s-2(b) limits the duties of a furnisher to actions it must take "[a]fter receiving notice pursuant to [15 U.S.C. §] 1681i(a)(2)[.]" § 1681s-2(b)(1). And § 1681i(a)(2) explains that this notice occurs when a consumer reporting agency,[2] not a consumer, "provide[s] notification of the dispute" to the furnisher.

Based on this statutory framework, courts have found "that a private action under the FCRA does not exist against the furnisher of information unless the consumer first files a dispute

---

[2] The FCRA uses the terms "credit reporting agency" and "consumer reporting agency." See, e.g., § 1681s-2. The terms appear to be interchangeable. See 15 U.S.C. § 1681a(f) (defining a "consumer reporting agency" as "any person which . . . assembl[es] or evaluat[es] consumer credit information or other information on consumers for the purpose of furnishing consume reports to third parties").

with the [credit reporting agency]." See Hyde, 453 F. Supp. 3d at 1301. The United States Court of Appeals for the Eighth Circuit has noted in dicta that "the duties of . . . a furnisher of credit information under 15 U.S.C. § 1681s-2(b) are triggered by notice that its information is being disputed from a [credit reporting agency], not from the consumer." Anderson v. EMC Mortg. Corp., 631 F.3d 905, 907 (8th Cir. 2011). Thus, Nails can only bring a claim under the FCRA against a furnisher of credit information for violating § 1681s-2(b) if she first disputed this information with a credit reporting agency. See Hyde, 453 F. Supp. 3d at 1301.

Here, Nails fails to state a claim under § 1681s-2(b) of the FCRA because she makes no allegations that she first disputed the credit information with a credit reporting agency. See Doc. 1 at 1-4. Thus, she is precluded from bringing a claim against defendants for violation of § 1681s-2(b). See Hyde, 453 F. Supp. 32 at 1300-01. She also fails to describe how defendants failed to follow the duties set out under § 1681s-2(b)(1) and only argues that defendants are to blame for harming her credit report by failing to resolve the charges in question. See Doc. 1 at 1-4. Nails's claim under the FCRA is dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2. State-Law Breach of Contract Claim

"[F]ederal courts are courts of limited jurisdiction[.]" United States v. Afremov, 611 F.3d 970, 975 (8th Cir. 2010). This Court "has a special obligation to consider whether it has subject matter jurisdiction in every case." Hart v. United States, 630 F.3d 1085, 1089 (8th Cir. 2011). "This obligation includes the concomitant responsibility 'to consider *sua sponte* [the court's subject matter] jurisdiction . . . where . . . [the Court] believe[s] that jurisdiction may be lacking.' " Id. (alterations and omissions in original) (quoting Clark v. Baka, 593 F.3d 712, 714 (8th Cir. 2010) (per curiam)).

Under 28 U.S.C. § 1332, federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States[.]" Nails argues that her breach of contract claim falls under this Court's diversity jurisdiction. See Doc. 1 at 1. "Generally, a complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." Larkin v. Brown, 41 F.3d 387, 388 (8th Cir.1994) (alteration in original) (internal quotations and citations omitted). "While a plaintiff's good faith allegation is to be taken as true unless challenged, a plaintiff who has been challenged as to the amount in controversy has the burden of showing that the diversity jurisdiction requirements have been met." Allison v. Sec. Benefit Life Ins. Co., 980 F.2d 1213, 1215 (8th Cir. 1992) (quoting Burns v. Mass. Mut. Life Ins. Co., 820 F.2d 246, 248 (8th Cir. 1987)).

Nails asserts that she resides in Georgia and that defendants are located in South Dakota. Doc. 1 at 1. Thus, she asserts that she and defendants are located in different states. Id. She claims that the amount in controversy is $800,000. Id. She alleges that the amount owed to the vendor is $1,869.00. Id. at 3. She alleges that the damage to her credit score has caused her to be unable to "receive credit for any goods and services with other company's [sic] credit cards, home loans, auto loans and more." Id. She also alleges that she had to buy a new battery for her car, although she does not explain how this was caused by defendants' failure to dispute the vendor's charges. See id. at 1.

This Court is uncertain whether Nails's breach of contract claim truly satisfies the amount in controversy requirement and, without more allegations regarding the damages caused by Nails's reduced credit score, cannot determine whether Nails's claim that the amount in controversy is

$800,000 is made in good faith. See id. at 3; Larkin, 41 F.3d at 388 (citations omitted). But defendants have not yet had the opportunity to challenge Nails's contentions as to the amount in controversy. See Allison, 980 F.2d at 1215 (citing Burns, 820 F.2d at 248). Thus, regardless of this Court's uncertainty, Nails's allegations regarding the amount in controversy are sufficient to survive screening. See Braden, 588 F.3d at 594 (citing Twombly, 550 U.S. at 556); see also Smith v. MasterCard Int'l, 2017 WL 103966, at *2-3 (E.D. Mo. Jan. 10, 2017) (finding that plaintiff's complaint filed in forma pauperis should not be dismissed for lack of subject-matter jurisdiction at the screening stage despite the Court's belief that the amount in controversy was alleged in bad faith).

Nails alleges that defendants failed to follow the dispute process laid out in the credit card agreement. Doc. 1 at 1-2. Construing her complaint liberally, she brings a state-law breach of contract claim against defendants. See id. Under South Dakota law, "[t]he elements of a breach of contract are (1) an enforceable promise; (2) a breach of the promise; and, (3) resulting damages." Bowes Constr., Inc. v. S.D. Dep't of Transp., 793 N.W.2d 36, 43 (S.D. 2010) (citing Guthmiller v. Deloitte & Touche, L.L.P., 699 N.W.2d 493, 498 (S.D. 2005)).

Nails alleges facts sufficient to state a claim for breach of contract under South Dakota law. She alleges that she and the defendants entered into an agreement that governed defendants' duties following her dispute of credit card charges. See Doc. 1 at 1. She alleges that defendants breached that agreement and that she suffered damages as a result of that breach. See id. at 1-2. Thus, Nails's state-law breach of contract claim against defendants survives § 1915 screening.

### III. Order

Accordingly, it is

ORDERED that Nails's motion for leave to proceed in forma pauperis, Doc. 2, is granted. It is further

ORDERED that Nails's motion to change, Doc. 4, is granted.  The Clerk of Court will change the Nature of Suit category on the docket sheet to "190 – Other Contract."  It is further

ORDERED that Nails's motion to correct, Doc. 5, is denied as moot.  It is further

ORDERED that Nails's Fair Credit Reporting Act claim is dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).  It is further

ORDERED that Nails's state-law breach of contract claim survives § 1915 screening.  It is further

ORDERED that the Clerk shall send blank summons forms and United States Marshals Service Forms (Form USM-285) to Nails so that she may complete the form to cause the complaint to be served upon Defendants Shop Your Way Master Credit Card and Citibank N.A. LLC.  It is further

ORDERED that Nails shall complete and send the Clerk of Court a separate summons and USM-285 form for each defendant.  Upon receipt of the completed summons and USM-285 forms, the Clerk of Court will issue the summonses.  If the completed summons and USM-285 forms are not submitted as directed, the complaint may be dismissed.  It is further

ORDERED that the United States Marshals Service shall serve the completed summonses, together with a copy of the complaint, Doc. 1, and this order upon the defendants.  It is further

ORDERED that the defendants will serve and file an answer or responsive pleading to the amended complaints and supplement on or before 21 days following the date of service or 60 days if the defendant falls under Fed. R. Civ. P. 12(a)(2) or (3).  It is finally

ORDERED that Nails will keep the court informed of her current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Civil Local Rules while this case is pending.

DATED May 8th, 2023.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE